# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv325

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) $10,820.00 in UNITED STATES ) CURRENCY, ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 6].

The Plaintiff initiated this action for civil *in rem* forfeiture on August 20, 2009. [Doc. 1]. In the complaint, it is alleged that on January 30, 2009, Carter Mitchell (Mitchell) was driving a vehicle registered to Susan Mitchell when he was stopped by a North Carolina state trooper for speeding. [Doc. 1, at 2]. The trooper allegedly smelled marijuana coming

1

from the inside of the vehicle. [Id., at 2-3]. Upon conducting a search of the vehicle, the trooper allegedly discovered marijuana trace residue and the currency at issue. [Id.].

On May 22, 2009, Mitchell made a written claim of ownership of the currency under penalty of perjury in a statement submitted to the Drug Enforcement Agency (DEA). [Id., at 5]. Although not clear, this allegation contained within the complaint indicates that the DEA had begun an administrative forfeiture proceeding and had provided notice to Mitchell. Once a DEA forfeiture proceeding is contested, it must be referred to the United States Attorney's office for judicial forfeiture proceedings. 19 U.S.C. §1608; 21 C.F.R. §1316.78. It thus appears, although it is not alleged, that after Mitchell filed a claim in response to the DEA notice, the DEA turned the matter over to the United States Attorney for the Western District of North Carolina for the initiation of this judicial forfeiture proceeding. The United States provided Mitchell with notice that this proceeding had been filed. [Doc. 4]. In addition, the United States Attorney served a copy of the civil *in rem* complaint on Mitchell. [Id.].

The record does not reflect whether notice of the judicial forfeiture proceeding was provided to Susan Mitchell, the owner of the vehicle. Rule

G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]"). As a result, the Court will require the Plaintiff to advise whether notice of the proceeding and/or service of the complaint was made to her as a potential claimant. In the event that the Plaintiff has determined that notice was not necessary, facts in support of that determination should be placed in the record.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the United States shall file response to the following inquiries:

1. Did the DEA begin an administrative forfeiture proceeding;
2. Did the United States provide or attempt to provide notice of this proceeding to Susan Mitchell;
3. Did the United States provide or attempt to provide a copy of the complaint in this proceeding to Susan Mitchell;

4. In the event that the United States did not provide such notice or a copy of the complaint, facts in support of such determination shall be filed in the record.

Signed: November 24, 2009

Martin Reidinger
United States District Judge