**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:09cv325**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **$10,820.00 in UNITED STATES** | ) | |
| **CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

　　**THIS MATTER** is before the Court on the Government's Response to Order of November 25, 2009 [Doc. 8].

　　In that Order, the Court requested that government counsel advise whether notice of the judicial forfeiture proceeding was provided to Susan Mitchell, the owner of the vehicle in which was found the currency which is sought to be forfeited. [Doc. 7, at 2-3, *citing* Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("The government must send notice of the action and a copy of the

complaint to any person who reasonably appears to be a potential claimant

on the facts known to the government[.]")].  The Court also requested that

government counsel explain why notice was not provided, if in fact notice

was not given to her. [Id., at 3 ("In the event that the Plaintiff has

determined that notice was not necessary, facts in support of that

determination should be placed in the record.")].

In response to the motion, counsel advises that separate notice was

not provided to Susan Mitchell although she signed for the certified mail

package addressed to her son, Carter Mitchell. [Doc. 8, at 1].  Obviously,

her signature on a certified mail return receipt does not show that she

opened and read the package addressed to her son.

In the response to the second directive to provide facts supporting

the determination not to provide notice to Ms. Mitchell, counsel responded:

> The factual allegations in Complaint and the attached Affidavit of
> Henderson County Detective Chris Denny support the conclusion
> that only Carter Mitchell was a person "who reasonably appears
> to be a potential claimant on the facts known to the government."

[Id., at 1-2].

Prior to entering the November 25, 2009 Order, the undersigned read

the Complaint which was verified by Detective Denny.  Attached to the

Government's response is an affidavit from Detective Denny in which he

reiterates the allegations of the Complaint. [Doc. 8-1].  He further states

that Mr. Mitchell did not claim the money belonged to anyone else and did

not disclaim ownership of the money. [Id.].

Ms. Mitchell, however, is the owner of the automobile in which the

currency was found.  The Plaintiff has not refuted the logical inference that

something found in a motor vehicle may potentially belong to the owner of

the vehicle.  The Court, therefore, finds that under these circumstances

that notice should be provided to Ms. Mitchell.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days

from entry of this Order, the United States shall provide notice to Susan

Mitchell pursuant to the applicable statutes and rules and shall file proof of

such notification.

Signed: January 11, 2010

Martin Reidinger
United States District Judge