IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv325

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DEFAULT JUDGMENT |
| ) | OF FORFEITURE |
| $10,820.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc.13].

**PROCEDURAL AND FACTUAL HISTORY**

The Plaintiff initiated this civil *in rem* action for forfeiture pursuant to 21 U.S.C. §881 on August 20, 2009. [Doc. 1]. In support of the complaint, the Plaintiff filed the verification of Officer Christopher Denny of the Henderson County Sheriff's Department. [Id., at 8]. During a traffic stop on

1

January 30, 2009, officers seized the currency which is the subject of this action from inside a vehicle being driven by Carter Jacob Mitchell. [Id., at 2]. The vehicle was registered to Susan Fortenberry Mitchell. [Id.].

The Drug Enforcement Agency (DEA) began an administrative forfeiture proceeding during which Carter Mitchell was questioned. [Id., at 5]. Thereafter, the case was referred to the United States Attorney's office for judicial forfeiture proceedings. 19 U.S.C. §1608; 21 C.F.R. §1316.78. On August 22, 2009, Carter Mitchell received notice that this proceeding had been filed. [Doc. 11-1]. In addition, the United States Attorney served copies of the civil *in rem* complaint on Carter Mitchell. [Id.].

On the Plaintiff's motion, the Clerk of Court entered default in November 2009 as to all persons and entities. [Doc. 5]. However, because the record did not reflect whether notice of the judicial forfeiture proceeding had been provided to Susan Mitchell, the owner of the vehicle, the Court required the Plaintiff to advise whether notice of the proceeding and/or service of the complaint had been provided to her. [Doc. 7]. The Plaintiff responded that it had not done so and as a result, the Court required such notice and service. [Doc. 9]. On January 12, 2010, the Plaintiff notified the Court that Susan Mitchell had been served and had failed to appear. [Doc.

10].

## DISCUSSION

Although Carter Mitchell may have filed a claim in the DEA administrative forfeiture proceeding, he did not file a claim or answer in this civil forfeiture action. Rule G(5)(a) & (b) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. The "'filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court under Rule C(6) [and/or Rule G].'" United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars in United States Currency, 183 Fed.Appx. 237, 241 (3rd Cir. 2006), *quoting* David B. Smith, Prosecution and Defense of Forfeiture Cases, §9.04[1]; *accord*, United States v. $23,000, 356 F.3d 157, 166 (1st Cir. 2004); United States v. $2,857.00, 754 F.2d 208, 214 (7th Cir. 1984) ("A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief."). As a result, he is in default.

Susan Mitchell did not file a claim or answer in this civil forfeiture action. Rule G(5)(a) & (b) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. As a result, she is in default.

The Court therefore finds that the Plaintiff has established that no

potential claimant has timely filed a claim or otherwise answered and that default judgment is appropriate.

## JUDGMENT

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc.13] is hereby **GRANTED** and Default Judgment against the Defendant $10,820.00 in United States Currency is hereby **ENTERED** in favor of the United States of America.

Signed: April 1, 2010

Martin Reidinger
United States District Judge